# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 05-CV-2895 (JFB) (VVP)

———————————

MAHARAJ PRAKASH,

Plaintiff,

VERSUS

HOMECOMINGS FINANCIAL A/K/A HOME COMING FUNDING NETWORK,

Defendant.

———————————

MEMORANDUM AND ORDER
September 5, 2006

———————————

JOSEPH F. BIANCO, District Judge:

Defendant brings the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 37, or in the alternative, for summary judgment. For the reasons set forth below, the Court grants defendant's motion for summary judgment, dismissing the case. Though the Court need not address defendant's motion pursuant to Fed. R. Civ. P. 37 because the case is dismissed on the merits, the Court finds that dismissal or sanctions pursuant to Fed. R. Civ. P. 37 are unwarranted.[1]

———————————

[1] Fed. R. Civ. P. 37(b)(2)(C) provides in relevant part:

> if a party fails to obey an order entered under Rule 26(f), the court in which the

action is pending may make such orders in regard to the failure as are just, and among others, the following: . . . (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rending a judgment by default against the disobedient party.

Defendant's motion is based on plaintiff's failure to properly respond to interrogatories, failure to produce documents, and his initial failure to appear at his deposition. However, based on the current record, it is unclear whether the failure to comply with defendant's requests and initial failure to appear for the deposition (as well as plaintiff's failure to look for documents prior to his deposition) were a result of the plaintiff's own willful behavior or bad faith, or whether it was a result of plaintiff's counsel's failure to properly

## I. BACKGROUND

Plaintiff initiated this action on or about April 15, 2005, seeking damages arising out of defendant's alleged reporting of erroneous credit information regarding plaintiff. Specifically, plaintiff alleges that he was the victim of an identity theft by which a third party fraudulently obtained a mortgage in his name. That third party defaulted on the mortgage loan which was foreclosed in 2003

---

inform plaintiff of his obligations. *See R. Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994) ("'Dismissal with prejudice is a harsh remedy to be used only in extreme situations . . ., and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent.'") (quoting *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990)). Furthermore, it is unclear whether plaintiff was warned that his noncompliance could result in dismissal of the case. *See Valentine*, 29 F.3d at 49 ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal."). Therefore, though the Court agrees that plaintiff's conduct has burdened both the Court and defendant, the Court declines to impose the severe sanction of dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(C). Defendant also requests reasonable expenses, including attorneys' fees, caused by plaintiff's disobedience. Magistrate Judge Pohorelsky already awarded defendant $500 as partial payment of attorneys' fees. (Docket Entry #13.) Defendant did not identify additional costs that were incurred after Magistrate Judge Pohorelsky's March 8, 2006 Order, as a result of any further instances of noncompliance by plaintiff after that date. In any event, having reviewed the record, the Court believes that no further sanctions are warranted. Accordingly, defendant's request for sanctions is denied.

by defendant Homecomings Financial. When plaintiff subsequently applied for re-financing at Chase Manhattan Mortgage Company, plaintiff discovered the problem and notified defendant Homecomings. According to plaintiff, he had no prior contractual relationship with Homecomings and plaintiff informed defendant of the problem, but defendant failed to correct the alleged errors. Plaintiff alleges violations of the Fair Credit Reporting Act and other various state law claims.

This case was re-assigned to this Court on February 6, 2006. Oral argument was held on August 11, 2006.

As set forth below, based upon a review of the record in this case, the Court finds that plaintiff fails to demonstrate that there are any issues of fact for trial and, thus, summary judgment for defendant is granted.[2]

## II. DISCUSSION

### A. THE SUMMARY JUDGMENT STANDARD

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[2] Because of plaintiff's failure to comply with basic discovery requirements, the record in this case consists primarily of plaintiff's deposition. However, even based on this limited record, it is clear that plaintiff has not alleged, or put forth any evidence, that would allow this case to survive summary judgment.

judgment as a matter of law." FED. R. CIV. P. 56(c); *Globecon Group, LLC v. Hartford Fire Ins. Co.,* 434 F.3d 165, 170 (2d Cir. 2006). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese,* 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir.

1984) (internal quotations omitted); *Tufariello v. Long Island R.R.*, 364 F. Supp. 2d 252, 256 (E.D.N.Y. 2005). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted).

## B. PLAINTIFF'S STANDING UNDER THE FAIR CREDIT REPORTING ACT

Defendant argues that plaintiff lacks standing under the Fair Credit Reporting Act ("FCRA"). According to the complaint, defendant reported incorrect information about plaintiff to certain credit reporting agencies and then failed to correct the alleged errors. Section 1681s of the FCRA governs the responsibilities of furnishers of information to consumer reporting agencies. More specifically, 15 U.S.C. § 1681s-2(a) relates to a furnisher's duty to report information and the ongoing duty to correct inaccurate information. Plaintiff, however, lacks standing to pursue claims under § 1681s-2(a) of the FRCA because the plain, unambiguous language of the statute limits the enforcement of this subsection to government agencies and officials. *See Redhead v. Winston & Winston, P.C.*, No. 01-CV-11475 (DLC), 2002 U.S. Dist. LEXIS 17780, at *12-13 (S.D.N.Y. 2002) ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials.") (collecting cases).

Plaintiff may have a private right of action under § 1681s-2(b), however, if plaintiff can demonstrate that defendant (i.e., the furnisher of the allegedly false information) received notice from a consumer reporting agency of

the dispute.  Section 1681s-2(b) provides:

> After receiving notice pursuant to section 611(a)(2) [15 U.S.C.S. § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall --
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; and
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

15 U.S.C. § 1681s-2(b)(1).  Section 1681i(a)(2) requires a consumer reporting agency who receives notice of a dispute from any consumer or reseller to provide notification to the provider of the information in dispute within five business days from the date the consumer reporting agency received notice.  15 U.S.C. § 1681i(a)(2)(A).[3]

Even though the statute only refers to obligations after a *credit agency* has provided notice of a dispute, plaintiff argues that this section can be triggered if some other entity or person provides such notice to the furnisher of information.  This Court disagrees.  As the Supreme Court has explained, "[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete, except in 'rare and exceptional circumstances.'" *Garcia v. United States*, 469 U.S. 70, 75 (1984) (Rehnquist, J.) (quoting *TVA v. Hill*, 437 U.S. 153, 187, n.33 (1978)); *see also Frank G. v. Bd. of Educ. of Hyde Park*, __ F.3d __, 2006 WL 2077009, at *10 (2d Cir. July 27, 2006) ("Our first task 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.' Our inquiry ends, if the language of the statute is unambiguous and 'the statutory scheme is coherent and consistent,' unless the case comes within the category of cases in which the result reached by applying the plain language is sufficiently absurd to override its unambiguous terms.'") (quoting *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450, 459 (2002)).  No such rare and exceptional circumstances exist in the present case.  According to the plain language of the statute, this Court finds that notice must be received by the furnisher of the information from the consumer reporting agency to trigger its duties under § 1681s-2(b).  *See Redhead*, 2002 U.S. Dist. LEXIS 17780, at *14 ("Those courts that have concluded that a private right of action exists under Section 1681s-2(b) have required

---

[3]

> Before the expiration date of the 5-business day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer . . . the agency shall provide notification of the dispute to any person

> who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

15 U.S.C. § 1681i(a)(2)(A).

4

plaintiff to show that the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information is disputed."); *see also Young v. Equifax Credit Info. Servs. Inc.,* 294 F.3d 631, 639 (5th Cir. 2002) ("[A]ny private right of action Young may have under § 1681s-2(b) would require proof that a consumer reporting agency, like Equifax or CBLC, had notified Penney pursuant to § 1681i(a)(2)"); *Fashakin v. Nextel Communs.*, No. 05-CV-3080 (SLT), 2006 U.S. Dist. LEXIS 45807, at *15 (E.D.N.Y. June 28, 2006) ("It is upon receipt of notice from a consumer reporting agency that a furnisher of information must conduct an investigation of the disputed information."); *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 U.S. Dist. LEXIS 17052, at * 12 (E.D.N.Y. May 9, 2005) ("[U]nless and until a furnisher of information receives notice from a credit reporting agency, no private right of action exists under section 1681s-2(b)."); *Roybal v. Equifax, Transunion, Experian Rickenbacker, Medamerica, City Towing Body Shop, Inc.*, 405 F. Supp. 2d 1177, 1179-1180 (D. Cal. 2005) ("private right of action against a furnisher of credit exists only if the disputatious consumer notifies the CRAs in the first instance"). Accordingly, under § 1681s-2(b), defendant had no duty to investigate the credit dispute unless defendant received notice of the dispute from a consumer reporting agency.

Here, nowhere in the complaint or opposition to the instant motion does plaintiff allege that defendant received notice of the dispute from a credit reporting agency. In fact, the evidence demonstrates that plaintiff himself did not even notify a consumer reporting agency. When asked in his deposition whether he called any credit reporting agencies to a report a problem, plaintiff responded, "I tried to." (Pl. Dep. at 76.) He then stated that he did not talk to

anybody. *Id.* In fact, in his opposition, plaintiff's counsel did not argue that a credit reporting agency had been contacted, but rather appeared to argue such contact was not required under the statute: "Under the Defendant's theory, if one cannot contact a credit reporting company if they fail to respond then the Plaintiff would have no legal recourse to correct improper information reported by a company." (Bach Aff. in Opp. to Def.'s Motion (hereinafter "Pl. Opp.") ¶ 27.) Counsel for plaintiff attempts to make a last minute effort to avoid the standing issue by inserting a statement in plaintiff's Rule 56.1 statement that "[w]hile Plaintiff was not able to successfully contact the credit reporting agencies, his attorneys did."[4] (Pl.'s 56.1 ¶ 3.) Plaintiff provided absolutely no support for this statement, failing to point to any documents in the record, nor did plaintiff indicate a date when the attorney allegedly contacted the credit reporting agencies. Local Civil Rule 56.1 requires that "[e]ach statement *by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact*, must be followed by citation to evidence which would be admissible." Local Rule 56.1(d). At oral argument, plaintiff's attorney acknowledged that there is nothing in the record to support this assertion, and that he had no personal knowledge regarding such communication. The Court provided plaintiff's counsel with an opportunity to submit a letter seeking to re-open discovery by supplementing the record with an accompanying affidavit by the prior attorney

---

[4] Due to defendant's failure to serve a 56.1 statement with defendant's summary judgment motion, a separate briefing schedule was set for the 56.1 statements. Pursuant to that schedule, the fully briefed motion and defendant's 56.1 statement were served and filed on July 21, 2006, and plaintiff's response to the 56.1 statement was served on July 28, 2006.

who allegedly contacted the reporting agencies and who does have first hand knowledge of the this alleged notice that was given to the reporting agencies. On August 21, 2006, a letter was filed via ECF dated January 26, 2006, that appears to be from plaintiff's prior attorney.[5] The letter states, "Based on our recollection, our office contacted Homecomings as well as the three credit bureaus on behalf of Mr. Maharaj to advise all parties that the loan was fraudulent." This correspondence, which is addressed "To Whom it May Concern" is unsworn. It is also unclear whether it is even based on the personal knowledge of the author. Accordingly, the letter is inadmissible and the Court declines to consider the letter in deciding this motion.[6] *See United States v. All Right, Title & Interest in Real Prop. & Appurtenances*, 77 F.3d 648, 657-58 (2d Cir. 1996) ("The submission of [an] unsworn letter was an inappropriate response to the . . . motion for summary judgment, and the factual assertions made in that letter were properly disregarded by the court."); *see also Raskin v. Wyatt Co.,* 125 F.3d 55, 66 (2d Cir. 1997) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.") *Orix Fin.*

*Servs. v. Thunder Ridge Energy, Inc.*, 01-CV-4788 (RJH) (HBP), 2005 U.S. Dist. LEXIS 41889, at *18 (S.D.N.Y. Dec. 29, 2005) ("To the extent that the above documents are unsworn, they do not constitute competent evidence for the purpose of opposing plaintiff's motion for summary judgment, and, hence, will not be considered.").

In sum, plaintiff has failed to point to any admissible evidence to support the assertion in the 56.1 statement regarding contact by prior counsel with credit reporting agencies. Morever, even if the evidence did demonstrate that plaintiff's attorney contacted a credit reporting agency, the record is still devoid of any evidence that a credit reporting agency reported a problem to defendant. Plaintiff has not demonstrated that there is any issue of fact for trial with respect to whether a credit reporting agency knew of the dispute and informed defendant. Accordingly, plaintiff lacks standing to bring his claims under the Fair Credit Reporting Act.

C. The State Law Claims are Preempted by the FRCA

In addition to alleging claims under the FCRA, plaintiff alleges that defendant violated the Deceptive Business Practices of New York by failing to verify the accuracy of information submitted to credit reporting agencies and by failing to act once notified of the problems, and that defendant improperly permitted a third party to fraudulently secure a mortgage in plaintiff's name. Defendant argues that any state law claims arising out of defendant's alleged failure to correct the disputed information are preempted by the FCRA.[7]

---

[5] It is unclear whether this letter was drafted in response to this Court's Order and was mis-dated, or whether the letter was in fact drafted on January 26, 2006, in response to a request from plaintiff's current counsel, at that time.

[6] Furthermore, counsel for plaintiff failed to follow the Court's Order dated August 11, 2006. The Order instructed plaintiff to file an affidavit and to supplement that affidavit with a letter explaining why discovery should be reopened at this juncture. Not only did counsel fail to file an affidavit and instead filed an inadmissible letter, counsel also failed to file a letter explaining why discovery should be reopened to allow consideration of the supplemental evidence.

---

[7] The Court cannot overlook plaintiff's subpar efforts in opposing the motion. Plaintiff failed to file a brief and instead relies on an attorney affirmation and 56.1 statement. Plaintiff's only

The FCRA contains two provisions that preempt state law claims. Section 1681t(b)(1)(F), provides:

No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to specific sections of the Massachusetts Annotated Laws and the California Civil Code].

15 U.S.C. § 1681t(b)(1)(F). The FRCA contains a second preemption provision whose language is more limited in scope and provides:

(e) Limitation of liability. Except as provided in sections 1681n and 1681o, no consumer may bring any action for proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any

consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such customer.

15 U.S.C. § 1681h(e). "[Section 1681h(e)] permits certain actions where 'malice or willful intent to injure [a] customer' is shown, while [§ 1681t(b)(1)(F)] (a result of a 1996 amendment to the FCRA) seems to indicate complete preemption of state law claims arising out of consumer disputes with 'furnishers of information.'" *Fashakin*, 2006 U.S. Dist. LEXIS 45807, at \*19. The Second Circuit has not yet reconciled these two provisions. Though § 1681t(b)(1)(F) appears to preempt all state law claims, Congress did not withdraw § 1681h(e) – which preempts certain state law claims, but impliedly permits others – when it added § 1681t(b)(1)(F) to the Code in 1996. District Courts have provided several different approaches for addressing the facially conflicting statutes. *See, e.g., Manno v. Am. Gen. Fin. Co.*, No. 05-CV-1222 (ABB), 2006 U.S. Dist. LEXIS 46902, at \*26 (E.D. Pa. July 12, 2006) (applying the statutory approach[8] to preemption); *Riley v.*

---

opposition to defendant's argument is that "[t]he plaintiff's [sic] argument is that even if they report erroneous information, then the Plaintiff has no state nor federal claims to correct their errors" and that "[t]he cases cited by the Defendant are not on point and their fact patterns differ from the instant case." (Pl. Opp. ¶¶ 22-23.) Plaintiff fails to distinguish the cases cited by defendant and fails to cite any cases that plaintiff believes *are* on point. In fact, in opposition to the present motion, plaintiff failed to submit a brief and instead relied and an attorney affirmation. After oral argument, the Court instructed plaintiff to file a brief addressing defendant's arguments within one week. Plaintiff, however, ignored the Court's order and did not file a memorandum as instructed.

[8] Under the statutory approach, § 1681t(b)(1)(F) preempts only state statutory claims against furnishers of information. *Manno*, 2006 U.S. Dist. LEXIS 46902, at \*13. Courts who adopt this approach reason that Congress had state statutory obligations in mind because § 1681t(b)(1)(F) specifically exempts a Massachusetts and a California statute. *See id.* at \*14. Based on the plain language of the two exemption provisions, however, the Court finds the reasoning of the courts who adopt the statutory approach unpersuasive. As Chief Judge Korman has noted, this approach "is somewhat strained . . . because § 1681t(b)(1)(F) does not specify that it relates to statutes only. Further, as this approach greatly minimizes § 1681t(b)(1)(F)'s applicability, it runs afoul of the whole statute approach and is

*GMAC*, 226 F. Supp. 2d 1316, 1325 (D. Ala. 2002) (applying the total preemption[9] approach); *Harrison v. Ford Motor Credit Co.*, No. 03-CV-1291, 2005 U.S. Dist. LEXIS 3 (D. Conn. Jan. 3, 2005) (applying the temporal approach). In *Kane*, Chief Judge Korman evaluated the three different approaches applied by other district courts for resolving the dilemma created by the conflicting provisions, and adopted the "temporal approach." *Kane*, 2005 U.S. Dist. LEXIS 17052 at *17-24. This Court agrees with Chief Judge Korman's analysis that the temporal approach is the "best reasoned approached" which "strikes a balance," giving effect to both provisions. *Id.* at 24. Pursuant to the temporal approach:

> [S]tate law claims based on actions of a furnisher of information after the furnisher has received notice of inaccuracies are held preempted by § 1681t(b)(1)(F), while actions taken before notice has been received may not be preempted. . . . [T]he notice referred to here need not be from a credit reporting agency, as is required to sustain a private cause of action under § 1681s-2(b) of FCRA; notice may be received from the a [sic] credit

reporting agency or from the consumer himself. . . . Under the temporal approach, causes of action predicated on acts that occurred before a furnisher of information had notice of any inaccuracies are not preempted by § 1681t(b)(1)(F), but are instead governed by § 1681h(e). As a result, according to the temporal approach, plaintiffs may bring claims for actions that take place before a furnisher has notice of inaccuracies, but -- pursuant to the plain language of § 1681h(e) -- these claims can only go forward if a plaintiff alleges that the furnisher of information provided inaccurate information with malice or willful intent to injure the consumer.

*Kane*, 2005 U.S. Dist. LEXIS 17052, at * 21-23 (internal citation omitted).

Plaintiff alleges that defendant violated the Deceptive Business Practices of New York by failing to act once notified of the inaccurate information. (Compl. ¶ 13.) That claim falls squarely within the scope of § 1681s-2. *See Kane*, 2005 U.S. Dist. LEXIS 17052, at *22 ("[O]nce a furnisher of information has notice from any source and provides inaccurate information, the conduct is 'subject matter regulated under . . . *section 1681s-2*' of the FCRA.") (quoting 15 U.S.C. § 1681t(b)(1)(F))). Thus, pursuant to § 1681t(b)(1)(F), to the extent plaintiff alleges state law claims based on defendant's failure to act once notified of the inaccuracy, those state law claims are preempted by the FCRA. *See Kane*, 2005 U.S. Dist. LEXIS 17052, at *22 ("[A]ny state law claim predicated on a furnisher providing inaccurate information after receiving notice of the dispute 'is completely preempted by § 1681t(b)(1)(F).'") (quoting *Aklagi v. Nationscredit Financial Servs. Corp.*, 196 F. Supp. 2d 1186, 1195 (D. Kan. 2002)); *see also Davis v. Md. Bank, N.A.*, No. 00-04191, 2002 U.S. Dist. LEXIS

---

therefore unpersuasive." *Kane*, 2005 U.S. Dist. LEXIS 17052, at *23-24 (internal citation and quotation omitted).

[9] Under the total preemption approach, § 1681t(b)(1)(F) preempts both state statutes and common law causes of action that relate to the subject matters listed in the provision. Although this approach is consistent with the plain meaning of § 1681t(b)(1)(F), it completely ignores the existence of the separate provision. This approach, as noted in *Kane*, would be contrary to the "'canon of construction that cautions against adopting a construction making another statutory provision superfluous.'" *Kane*, 2005 U.S. Dist. LEXIS 17052, at *20 (quoting *Krause v. Titleserv.,Inc.*, 402 F.3d 119, 127-28 (2d Cir. 2005)) (internal quotation marks omitted).

26468, 38-39 (N.D. Cal. June 19, 2002) ("Neither the Ninth Circuit nor any other Circuit Court of Appeal has defined the scope of the preemption under the FCRA. However, the majority of district courts have held that the FCRA preempts both state statutory and common law causes of action which fall within the conduct proscribed under section 1681s-2(1).").

Plaintiff also alleges the defendant violated the Deceptive Business Practices of New York by failing to verify the accuracy of the information it submitted to the credit reporting companies and that defendant improperly permitted a third party to fraudulently open a mortgage in plaintiff's name. (Compl. ¶¶ 13-14.) These claims arise out of actions taken by defendant *prior* to receiving notice of the alleged inaccuracies. Therefore, the temporal approach dictates that these claims are evaluated under § 1681h(e).

Pursuant to § 1681h(e), only claims alleging "malice or willful intent to injure [a] customer" avoid preemption. Here, the sparse record, including the pleading itself, is completely devoid of any allegation that the initial furnishing of false information was done with malice or willful intent to injure plaintiff. Rather, plaintiff's state law claims, alleging that defendant improperly reported erroneous information to the credit reporting agency and that defendant improperly permitted a third party to fraudulently secure a mortgage in plaintiff's name, are grounded in negligence. Plaintiff's opposition to defendant's motion does not even attempt to support a position that, prior to receiving notice that the report was in dispute, defendant acted with malice or willful intent to injure plaintiff. Instead, the complaint and record make clear that plaintiff's allegations are based entirely on negligence.[10] *Fashakin*

*v. Nextel Communs.*, No. 05-CV-3080 (SLT), 2006 U.S. Dist. LEXIS 45807, at *19 (S.D.N.Y. June 28, 2006). ("As the Complaint is completely devoid of allegations of malice or willful intent to injure Plaintiff, her 'state law claims' against Defendants . . . are preempted."). Accordingly, plaintiff's remaining state law claims are preempted by the FCRA.

III. CONCLUSION

For the foregoing reasons, defendant's motion pursuant to Fed. R. Civ. P. 37 is DENIED and defendant's motion for summary judgment is GRANTED. The Clerk of the Court shall enter judgment in favor of defendant and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 5, 2006
Brooklyn, New York

* * *

The attorney for plaintiff is M. Daniel Bach, Esq., 36-06 43rd Ave., Long Island City, New York, 11101. The attorneys for defendant are Jantra Van Roy, Esq. and Ronald M. Neumann, Esq., of Zeichner Ellman & Krause LLP, 575 Lexington Ave., New York, New York, 10022.

---

[10] Though the Court ultimately adopts the temporal approach, the result here would be the same under either of the other two approaches. Under the total preemption approach, *all* potential state law claims are preempted. Under the statutory approach, only non-statutory claims alleging malice or willful intent survive under § 1681(e). Here, plaintiff has not alleged malice or willful intent and, thus, plaintiff's state law claims are also preempted under this approach.